UNITED STATES DISTRICT COURT
SOUTHERN DIVISION OF FLORIDA
FORT LAUDERDALE DIVISION

CASE NO.

**MICHAEL BERTRAND,**

      **Plaintiff,**

**vs.**

**UNUM LIFE INSURANCE
COMPANY OF AMERICA,**

      **Defendant.**

_____  /

**COMPLAINT**

COMES NOW the Plaintiff, MICHAEL BERTRAND, ("Bertrand"), by and through the undersigned attorney, and sues the Defendant, UNUM LIFE INSURANCE COMPANY OF AMERICA ("Unum") and alleges as follows:

**GENERAL ALLEGATIONS**

1.     This is an action for relief under the Employee Retirement Income Security Act ("ERISA"), as amended, 29 U.S.C. §§1001, et seq.

2.     This Court has jurisdiction pursuant to 29 U.S.C. §1132(e).

3.     This Court has venue pursuant to 29 U.S.C. §1132(e). In particular, in ERISA actions, venue is proper where the performance of the Plan terms was to

take place.  Benefits here were to be paid at Bertrand's home address in Pompano Beach, Florida.  See Exhibit A attached hereto.

4.     Bertrand is and/or was a participant in each of the plans, funds, programs or arrangements described herein.

5.     Bertrand was an employee of Jet Harbor, Inc. ("Jet Harbor" or "Employer") and as such he was insured through a group disability policy issued to Jet Harbor by Unum.

6.     The Employer is the Plan Sponsor and Plan Administrator of the employee welfare benefit plan providing long term disability benefits.

7.     The "Plan" is a welfare benefit plan established under ERISA to provide long term disability benefits to those participants who satisfy the terms and conditions of the Plan to receive such benefits.

8.     A copy of the applicable Plan document is in the possession of Unum.

9.     Unum is the claims administrator, it makes the "full and fair" final review of claims and it insures the payment of benefits under the Plan.

10.     Unum denied and/or terminated Bertrand's claim finding that he was not disabled under the terms of the Plan.  Unum's last denial letter is dated August 8, 2022.

11.     With respect to the claims made herein, Bertrand has exhausted his administrative remedies and/or exhaustion has been excused or is waived.

## COUNT I
### (Action for Plan Benefits 29 U.S.C. §1132(a)(1)(B))

Bertrand incorporates the allegations contained in paragraphs 1 through 11 above, and further states:

12.     The Plan provided for the payment of long term disability benefits in the event Bertrand became disabled as defined in the Plan.  The Plan also provided for the continuation of other benefits in the event of disability.  The other benefits are described with particularity in the applicable plan documents for those plans.

13.     Bertrand was and is disabled as defined by the Plan at all times material hereto.

14.     Bertrand made a claim for Plan benefits.  Said claim for benefits was terminated or denied.

15.     Bertrand is entitled to Plan benefits.

16.     Unum has failed and refused to pay Bertrand sums due pursuant to the terms of the Plan, breaching the terms of said Plan.

17.     Because of the failure to pay benefits pursuant to the terms of the Plan, Bertrand has been forced to retain the undersigned attorneys and is obligated

to pay them a reasonable attorney's fee.  Bertrand is entitled to recover attorney's

fees as authorized by 29 U.S.C. §1132(g).

WHEREFORE, plaintiff, Bertrand, prays for relief from defendant, Unum,

for the payment of disability benefits, reinstatement to all other benefits, including

the waiver of premiums as if benefits had never been terminated or denied, plus

attorney's fees and costs and any other such further relief as the Court deems

proper.

Date:  September 23, 2022

/s/Gregory D. Swartwood
Gregory D. Swartwood, Esquire
Florida Bar No. 858625
The Nation Law Firm, LLP
570 Crown Oak Centre Drive
Longwood, FL  32750
Telephone:  (407) 339-1104
Facsimile:  (407) 339-1118
E-Mail:  gswartwood@nationlaw.com
Attorneys for Plaintiff